UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

DRYWALL TAPERS AND PAINTERS OF GREATER  :
NEW YORK LOCAL UNION 1974, AFFILIATED  :
WITH INTERNATIONAL UNION OF ALLIED  :
PAINTERS AND ALLIED TRADES, AFL-CIO,  :          25-CV-08081 (JAV)
                    :
           Petitioner,  :          MEMORANDUM OPINION
                    :                  AND ORDER
    -v-  :
                    :
SEAMLESS WALL FINISHING, INC.,,  :
                    :
           Respondent.  :
                    X

---------------------------------------------------------------------

JEANNETTE A. VARGAS, United States District Judge:

On September 30, 2025, Petitioner Drywall Tapers and Painters of Greater New York Local Union 1974 ("Local 1974") filed a petition seeking confirmation of an arbitral award pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. ECF No. 1 (the "Petition") at 1.  On November 12, 2025, the Court set a briefing schedule for (i) Local 1974's submission of any additional materials in support of the Petition, (ii) the opposition papers of Respondent Seamless Wall Finishing ("Seamless"), and the reply of Local 1974.  ECF No. 10.  Local 1974 served Seamless with the Petition, supporting materials, and the briefing schedule.  ECF No. 11.  Pursuant to the briefing schedule, Seamless's opposition was due no later than December 22, 2025.  To date, Seamless has neither responded to the petition nor sought relief from the Decision.

The Court GRANTS the petition and confirms the Award in its entirety.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides the substantive law for the confirmation of arbitration awards.  9 U.S.C. § 9.  Under the FAA, courts grant an arbitrator's decision "great

deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "It is well recognized that it is not within the province of the federal courts to review the merits of an arbitration award" under Section 301 of the LMRA. *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 45 (2d Cir. 1985); *see also N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 03015(RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) ("Courts are not authorized to review an arbitrator's decision on the merits even in the face of allegations . . . that the decision rests on factual errors or misinterprets the parties' agreement." (cleaned up)). "[A] reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies." *Loc. 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999). The Court's review is focused on determining whether the Award "draws its essence from the collective bargaining agreement." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). "A barely colorable justification for the outcome reached" by the arbitrators is all that is required to confirm an award on a timely petition to confirm. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir.1992).

The confirmation of an arbitration award is normally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (cleaned up). But the Court must nonetheless treat a petition to confirm an arbitration award, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013).

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110 (cleaned up).  Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109–10 (cleaned up).

### DISCUSSION

Applying these principles here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Joint Trade Board's decision provides more than "a barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110.  Petitioner and Respondent entered into a Collective Bargaining Agreement ("CBA"), which, *inter alia,* set forth specific working hours and requiring overtime permits for anyone working in excess of those hours.  ECF No. 2-2 (the "CBA") at 6-7.  Specifically, Article XIII, Section 6, violation 3 sets a fine of $1000 upon a second instance of overtime work without an overtime permit.  *Id.* at 22.  Article XIV authorizes the Joint Trade Board (the "Board") to arbitrate and render decisions arising from violations of the Agreement, including levying fines as defined in article XIII.  *Id.* at 24-25.  Petitioner commenced arbitration pursuant to article XIV of the Agreement, following Respondent's alleged failure to obtain an overtime permit by serving a Demand for Arbitration on Respondent and the Joint Trade Board.  Petition, ¶¶ 6-7.  The Board held a hearing on May 6, 2025 in this matter. *Id.,* ¶ 8; ECF No. 2-1 (the "Decision") at 3.  On May 29, 2025, the Board

found Seamless failed to obtain an overtime permit, ordering Seamless to pay a $1000 fine to Local 1974 within ten days of being received.  Decision at 4.  It was initially served on Seamless on May 30, 2025, and again as part of this proceeding on September 30, 2025.  Decision at 2; ECF No. 9 at 1; ECF No. 12 at 1.  Petitioner states Respondent has violated the Decision by refusing to pay the fine, necessitating this action for enforcement.  Petition, ¶¶ 14-15.

After reviewing the petition and the supporting materials, the Court finds no issues of material fact that would preclude summary judgment as to all aspects of the Decision.  Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.  Accordingly, the Court grants Petitioners' unopposed petition to confirm the entire Award.

"The Second Circuit recognizes a presumption in favor of pre-judgment interest for arbitration awards."  *Constr. Council 175, Util. Workers of Am., AFL-CIO v. New York Paving, Inc.*, 708 F. Supp. 3d 221, 233 (E.D.N.Y. 2023) (citing *Waterside Ocean Nav. Co. v. Int'l Nav. Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)).  Local 1974 did not request pre-judgment interest, but the Court may in its discretion award pre-judgment interest to arbitral awards pursuant to the LMRA, where the CBA indicates the award is "final and binding."  *Id.* at 234; *see also* CBA at 31; *Constr. Council 175, Util. Workers of Am., AFL-CIO v. New York Paving, Inc.,* 708 F. Supp. 3d 221, 234 (E.D.N.Y. 2023).  Here, the CBA clearly indicates any arbitration decision rendered by the Board is final and binding.  CBA, 19-21. Courts within the Second Circuit apply New York law when determining pre-judgment interest.  *New York Paving,* 708 F. Supp. 3d at 234; *see also N.Y. City Dist. Council of Carpenters v. Tried N True Interiors LLC,* 2020 WL 1809323, at *4 (S.D.N.Y. Apr. 9, 2020).  Therefore, this Court awards pre-judgment interest at a rate of nine percent from the date of the Award to the date of judgment.  N.Y. C.P.L.R. § 5001-2; *see also Trs. for N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, &*

4

*Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All Flooring Sols., LLC*, No. 19 CIV. 11065 (KPF), 2020 WL 2571042, at *4 (S.D.N.Y. May 21, 2020) ("Although the LMRA is silent with respect to a prejudgment interest rate, the 'common practice' among courts within the Second Circuit is to grant interest at a rate of 9%." (cleaned up)).

Petitioners also request attorney's fees and costs incurred in bringing this petition. Petition at 4. ECF No. 1-1 at 5.  Statutory authority is required for the Court to award attorney's fees, unless opposing counsel acts in bad faith.  *Trs. Of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.,* 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012); *see also Drywall Tapers & Pointers of Greater New York Loc. Union 1974 v. Nova Bros., Inc.,* 2024 WL 4826002 (S.D.N.Y. Nov. 19, 2024).  Respondent has not appeared in this case and therefore has presented no justification for its failure to comply with the arbitrator's judgment and pay the assessed fine.  *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227*, 774 F.2d at 47 ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded."  (internal quotation marks omitted)).

Petitioner, however, has not put in any evidence to support its claim for attorney's fees and costs.  Petitioner may seek attorney's fees and costs following the entry of judgment pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

Finally, the Court grants Petitioners' request for "further relief as the Court may deem just and proper" in the form of post-award judgment interest. 28 U.S.C. § 1961(a).  Awards of post-judgment interest under section 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013), and apply to actions to confirm arbitration awards, *see Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004).  The Court therefore

5

awards interest to accrue at the statutory rate from the date judgment is entered until payment is made.

Accordingly, IT IS ORDERED AND ADJUDGED that the **Petition** is GRANTED, the May 29, 2025 **arbitration award** is **confirmed**, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent as follows:

1. **Confirming** the **Award** in all respects;

2. **Awarding** Petitioner $1000, plus $60.66 in pre-judgment interest at the rate of 9% per annum, for a total of $1060.66, against Seamless pursuant to the **Award**;

3. **Awarding** Petitioner post-judgment interest at the statutory rate.


SO ORDERED.

Dated: February 9, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

6